### GOODBAR, WHITE & CO. *v.* J. P. OWEN.

1. JUSTICE COURT. *Trial. Notice to defendant. Emergency.* *Code* 1880, § 2194.

   Under § 2194, code 1880, when the plaintiff or defendant in a justice court is a non-resident or transient person, and it is made to appear by affidavit that a delay of the trial until the regular term would be of material injury, the justice may have the parties summoned to appear at any "reasonable time," to be named by him, and give judgment.

2. SAME. *Jurisdiction. Appeal. Trial de novo.* *Code* 1880, § 2354.

   What is a reasonable time is a question for the decision of the justice. Service of the writ gives him jurisdiction of the defendant, and, where he has jurisdiction of the subject, and the defendant appeals, the circuit court cannot dismiss the case on the ground that reasonable notice was not given. In such case, under § 2354, code 1880, the case will be tried anew on its merits in the circuit court. In order to challenge the decision of the justice on questions of law only, the remedy is by *certiorari.*

3. APPEAL. *Jurisdiction. Dismissal.* *Code* 1880, § 2354.

   Under § 2354, code 1880, it is only where the justice has no jurisdiction, and not where he makes an erroneous decision within his jurisdiction, that the case is to be dismissed by the circuit court on appeal.

FROM the circuit court of Sunflower county.

HON. R. W. WILLIAMSON, Judge.

On April 15, 1892, appellants, Goodbar, White & Co., filed with a justice a note given them by appellee, J. P. Owen, for $188.07, payable April 1. On April 18, 1892, an affidavit was filed with the justice, in which the attorney for plaintiff alleges "that he is informed and believes that said Goodbar, White & Co. are non-residents of the state of Mississippi, and affiant further says that a delay of the trial of the above cause until the next regular term of this court would be of material injury to said Goodbar, White & Co."

On the same day, at 10 o'clock A.M., a summons was issued for defendant, returnable before the justice at 4 o'clock P.M. on that day, to answer the suit. The summons was executed

at once, and at the time named the trial was had, resulting in a judgment for plaintiffs. Thereupon defendant appealed to the circuit court. On May 17, 1892, he moved the circuit court to dismiss the case, on the ground that he had not been served with process a reasonable time before the trial. On the hearing of this motion, it was shown that the defendant lived in Indianola, less than 250 yards from the office of the justice, and that before the institution of the suit he had admitted to plaintiff's attorney that the debt was just, and that he had no defense. There was no further testimony. The motion was sustained, and, from a judgment dismissing the case, plaintiff appeals.

*A. G. Paxton*, for appellants.

The proper affidavit was made. Code 1880, §§ 2194, 2195. "A reasonable time," within the meaning of § 2194, is a proper and reasonable time for the parties to prepare for and appear at the trial. There being no defense, and no witnesses to be summoned, the defendant living within three minutes' walk of the court-room, six hours was ample.

*Calhoon & Green*, for appellee.

1. Under § 2194, code 1880, six hours is not a reasonable time to intervene between service of process and the trial. Of this, the court must judge on general principles, and not from the nature of the cause of action.

2. There must be a return-day for process, not a return-hour of the same day. Less than a day is unreasonable. To hold otherwise would be a bad precedent, involving the danger of bringing the courts into contempt because of undue haste.

3. But defendant is entitled to five days notice, and § 2194 does not change this, as will be seen by reading it in connection with §§ 2196, 2197. Construing all the sections together, the law is that there must be five days between service and the trial. Under § 2194, if the term be too far off, the trial

may be had before that, the defendant, in any event, being given five days notice.

4. The affidavit in this case is fatally defective in failing to show in what way delay would be of material injury to the plaintiffs. The facts must be stated, not a legal conclusion.

COOPER, J., delivered the opinion of the court.

That the part of § 2194 of the code of 1880, providing for the trial of a cause before a justice of the peace at any reasonable time other than the regular term, when the plaintiff or defendant is a non-resident, and it shall be shown by the oath of either party that a delay of the trial to the regular term will be of injury to him, authorizes the writ to be made returnable at such " reasonable time," is made entirely clear by §§ 2196 and 2197. By § 2196 it is provided that the summons shall be executed five days before the return-term, " and any summons issued within five days before its return-day, shall be made returnable to the next succeeding term of the court after that, to be held within five days, unless a shorter day shall be named, in pursuance of the provisions for a trial without delay, in the case of non-resident or transient persons." The language of § 2197 is, " if such process shall be executed less than five days before the return-day, except as aforesaid," etc. It is thus made manifest that the summons in cases falling within the provisions of § 2194 may be made returnable at the " reasonable time" named by the justice.

What is a reasonable time within the meaning of the law, is a question for the determination of the justice of the peace, by whom it must primarily be decided, and it follows as a corollary that the service of the writ upon the defendant must be held to give the court jurisdiction of the defendant, or the anomaly would be presented of a court deciding a question before acquiring jurisdiction of the defendant. If the justice of the peace had jurisdiction of the subject-matter, as to which there is no controversy, and of the defendant, which, as we have said, it must be held that he did, the appeal

to the circuit court carried to that court the right and jurisdiction "to try the cause anew on its merits." Code 1880, § 2354. The circuit court, by the appeal, having jurisdiction of the parties and the subject-matter, should have proceeded in the trial of the cause on its merits, for it is only where the justice did not have jurisdiction, and not where he makes an erroneous decision within his jurisdiction, that the cause should be finally dismissed. Code 1880, § 2354.

If the defendant desired to challenge the decision of the justice on a question of law, his remedy was to invoke the revisory power of the circuit court by certiorari; having appealed, his right is only to a new trial on the merits.

*Judgment reversed, and cause remanded to the circuit court.*